**HAI YAN ZHANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 09–71453.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2011.*

Filed March 15, 2011.

Ilyce Sue Shugall, Esquire, Van Der Hout, Brigagliano & Nightingale, LLP, San Francisco, CA, for Petitioner.

Nancy Ellen Friedman, Trial, OIL, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

MEMORANDUM **

Hai Yan Zhang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision ordering her removed. We have jurisdiction under 8 U.S.C. § 1252. We review de novo claims of due process violations. *Ibarra–Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir.2006).

We grant the petition for review and remand.

The BIA may violate an alien's due process rights on appeal if it fails to consider relevant evidence. *See Larita–Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir.2000). The record does not reflect that the BIA or IJ considered evidence submitted by Zhang that her U.S. citizen children would suffer hardship if she were removed to China because, as U.S. citizens, they would not be able to legally reside in China with her without regularly obtaining visas. Moreover, Zhang has established prejudice because consideration of this evidence may have affected the outcome of the proceedings. *See Colmenar v. INS*, 210 F.3d 967, 972 (9th Cir.2000). We therefore remand to allow the BIA to consider this evidence.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

